UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL COURTNEY, Individually and On )
Behalf of All Other Persons Similarly Situated, )
)
Plaintiffs, )
)
v. ) Civil Action No. 1:13-CV-10686-WGY
)
AVID TECHNOLOGY, INC., GARY G. )
GREENFIELD, KENNETH A. SEXTON, and )
ERNST & YOUNG LLP, )
)
Defendants. )

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF RECORDS PRODUCED DURING DISCOVERY

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, ensure that protection is afforded only to material so entitled, and protect the interests of above-named Plaintiff, Michael Courtney, individually and on behalf of all other persons similarly situated (collectively, the "Plaintiff"), and above-named Defendants Avid Technology, Inc., Gary G. Greenfield and Kenneth A. Sexton (collectively "the Avid Defendants" and with Ernst & Young LLP, the "Defendants"), in certain confidential and proprietary information consistent with the public's right of access to the Court's records, the Parties, by their undersigned Counsel, hereby stipulate pursuant to Federal Rules of Civil Procedure 26(c) subject to approval and entry by the Court, to

{00138676;1}

the following Protective Order. This Protective Order shall be effective as between the Parties prior to entry by the Court.

## PROTECTIVE ORDER

1. **Scope.**

    This Stipulated Protective Order shall govern all Information produced by a Producing Party (as defined below) in response to a discovery request, whether pursuant to Fed. R. Civ. P. 26, 30, 33, 34, 36, 45 or otherwise and whether formal or informal, in this Matter.

    Nothing in this Stipulated Protective Order shall limit, diminish, or otherwise impact the rights that any Party had before the entry of this Order to possess or use any Documents or information designated as Protected Information in this Matter.

2. **Definitions.**

    A. <u>Confidential Information</u>. "Confidential Information" shall mean and include any non-public Information contained in any Document or discovery response deserving protection under Federal Rule of Civil Procedure 26(c),

    B. <u>Highly Confidential Information</u>. "Highly Confidential Information" is a subset of Confidential Information (as defined in A., above) and shall mean and include any and all highly sensitive commercial information that has a significant competitive value as determined in good faith by the Producing Party.

    C. <u>Counsel</u>. For purposes of this Order, "Counsel" shall include attorneys and firms hired to represent or charged with representing the Parties in this Matter, as well as agents of those Counsel.

    D. <u>Disclose</u>. "Disclose" means show, divulge, reveal, produce, describe, or transmit, in whole or in part, either orally or in writing.

E.  <u>Discovery Process</u>. The "Discovery Process" means and includes any request for information in this Matter.

F.  <u>Document</u>. "Document" shall have the meaning set forth in Local Rule 26.5 and in the Federal Rules of Civil Procedure.

G.  <u>Information</u>. "Information" means any communications, testimony, information or documents produced by any Party during the course of the Discovery Process or informally or pursuant to the requirements of any court order, including, but not limited to, electronically stored information (ESI) as defined by the Federal Rules of Civil Procedure and federal case law, objects or things, deposition testimony, responses to interrogatories, requests for admission and/or subpoenas, and any copies, excerpts or summaries thereof, produced by a Producing Party.

H.  <u>Matter</u>. "Matter" means the litigation captioned *Courtney v. Avid Technologies, Inc., et al*, Civ. No. 13-CV-10686-WGY in the District of Massachusetts, and any appeals taken therefrom.

I.  <u>Owner</u>. "Owner" means the Third Party or Party who prior to this Matter was the owner or controller of the Information at issue.

J.  <u>Parties</u>. For purposes of this Order, the Plaintiffs and Defendants in this Matter, as well as their officers, directors, employees and agents (including Counsel, unless otherwise noted), are hereinafter referred to collectively as the "Parties."

K.  <u>Producing Party</u>. "Producing Party" means any Party or Third Party that produces the Information in this Matter.

L.  <u>Protected Information</u>. "Protected Information" means Information designated as Confidential or Highly Confidential.

M. <u>Receiving Party</u>. "Receiving Party" means a Party that received the Information in this Matter.

N. <u>Third Party</u>. "Third Party" means any natural person, partnership, corporation, association, government body, government agency or other legal or government entity not named as a Party to this Matter.

3. **<u>Designation of Confidential or Highly Confidential Information.</u>**

The designation of Information shall be performed in the following manner:

a) A Producing Party may designate Information provided as Confidential or Highly Confidential by placing on or affixing to a Document containing Protected Information the phrase "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate, on each page of the Document entitled to such designation (in such manner as will not interfere with the legibility thereof);

b) If Information cannot practically be designated Confidential or Highly Confidential for whatever reason including, but not limited to, the format of the electronically stored information, the Producing Party shall provide written notice of the designation of the Information to the Receiving Party. A Receiving Party shall not transmit information produced in accordance with this paragraph in violation of this Order and without informing any recipient of the information of its protected nature;

c) Interrogatory answers or other responses to written discovery and information contained therein shall be designated as Confidential or Highly Confidential by means of a statement at the conclusion of each answer specifying the Information that is Confidential or Highly Confidential contained therein or by other means that clearly indicate what portion of the answer or information is considered Confidential or Highly

Confidential and by placing the legend referenced in subpart (a) above on the front of any set of interrogatory answers containing such Information;

d) A designation that Information is Confidential or Highly Confidential shall constitute a representation to the Court, made in good faith, that the Protected Information is not reasonably believed to be already in the public domain, and that the Producing Party and its Counsel believe that the Information so designated constitutes Confidential or Highly Confidential Information, as appropriate, as defined in this Order;

e) If a Producing Party inadvertently or unintentionally produces to a Receiving Party any Confidential Information or Highly Confidential Information without designating it as provided in paragraph 3(a), 3(b) or 3(c) above, the Producing Party shall promptly give notice to the Receiving Party in writing and thereafter the Receiving Party shall treat the Information as Protected Information. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of restriction either as to specific documents and information disclosed or on the same or related subject matter. To the extent that a Receiving Party has disclosed or used Protected Information under this Order before designation under this paragraph in a manner inconsistent with the revised designation, the Receiving Party shall notify the Producing Party of the disclosure or use in accordance with Paragraph 11 below, while the Producing Party will be responsible for notifying any known Owners about the disclosure.

4. **Right to Challenge Designation.**

If a Party to this Order disagrees with and seeks to challenge, in full or in part, a Producing Party's designation of Confidential or Highly Confidential Information, such Party

shall notify the Producing Party in writing stating the basis for its disagreement, and the Producing Party shall thereafter state the basis for the designation and confer in good faith as to the designation of the Confidential or Highly Confidential Information. If the Parties are unable to reach agreement on the proper designation of the Confidential or Highly Confidential Information, either Party may move to re-classify Confidential or Highly Confidential Information pursuant to the terms of this Order. All costs of such a challenge including, but not limited to, attorneys' fees, shall be borne by the Party that incurred said cost, except where the Court deems either the designation or the motion challenging the designation to be frivolous.

Any Party may at any time request permission to use or disclose Information with Confidential and Highly Confidential designations other than as permitted under this Order by serving a written request upon Counsel for the Producing Party at least five (5) business days before the date of the proposed disclosure. Such request shall specifically identify the Information sought to be disclosed, identifying the Protected Information by Bates number (or other unique identifying characteristics if individual Bates numbers are not available), and the name, title and function of the person to whom disclosure is desired to be made. The Producing Party shall thereafter respond to the request in writing within five (5) business days after receipt of the same. If, where consent has been withheld, the Parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution. The requested disclosure shall be postponed until a ruling has been obtained from the Court.

5.   **Access to Highly Confidential Information.**

Except as stated in this paragraph, the Parties shall have no access to Information designated Highly Confidential Information. Subject to all other provisions of this Protective Order, "Qualified Persons" having access to Information designated Highly Confidential Information in this Matter are:

a) the Court;

b) the Parties' Counsel and in-house counsel directly managing the litigation;

c) experts retained by the Parties;

d) stenographic and video reporters engaged in proceedings incident to this Matter;

e) discovery consultants, processors and vendors, outside document-copying or -scanning services, document-coding or -computerization services, demonstrative-exhibit vendors and jury consultants;

f) any fact or expert deponent where the Highly Confidential information reasonably relates to the testimony, provided, however, that any such deponent (i) shall not retain any documents marked as Highly Confidential; (ii) shall be informed, prior to being shown materials marked as Highly Confidential, that he or she is being shown such materials solely for use in this action; and (iii) shall agree, prior to being shown materials marked as Highly Confidential, to be bound by the provisions of this Protective Order.

g) associated personnel of any person within categories (a) through (e) for whom access to Highly Confidential Information is necessary to assist such persons in the action, including any Court personnel assisting the Court, litigation assistants, paralegals, secretarial or other clerical personnel, stenographers or other persons involved in taking or transcribing testimony in this action, and principals and employees of the firm with which consultants or experts are associated; and

h) any person known to have created or received the Highly Confidential Information outside of the Discovery Process.

The Counsel providing Highly Confidential Information to processors or vendors, outside document-copying or -scanning services or document coding or computerization services, as set

forth in 5(e) above, shall take reasonable efforts to ensure the service's compliance with the provisions of this Protective Order.

6. **Access to Confidential Information.**

Subject to all other provisions of this Protective Order, "Qualified Persons" having access to Information designated Confidential Information in this Matter are all the persons listed in Paragraph 5 (although with regard to any fact or expert witness, it is where the Confidential Information reasonably relates to the testimony) and the Parties to this Matter. The Counsel providing Confidential Information to processors or vendors, outside document-copying or -scanning services, or document-coding or -computerization services, as set forth in 5(e) above, shall take reasonable efforts to ensure the service's compliance with the provisions of this Protective Order.

7. **Disclosure to Experts or Consultants.**

Protected Information shall not be made available to any expert or jury consultant identified in Paragraph 5(c) and (e) above unless that person, and any assistant he or she will use to assist in the substance of the engagement, has first read this Order and has agreed to be bound to terms of this Order by signing the Endorsement attached as Exhibit A to this Order. Each such signed Endorsement shall be provided to the Party retaining the expert or jury consultant until the termination of this Matter and the receipt of the related certification required by Paragraph 16 below. No Party shall be required to provide such certifications to any other Party or Third Party unless the Court so requires, although any expert or consultant who is deposed in this Matter may be questioned on his or her compliance with this Paragraph.

8. **Good Faith.**

The Parties agree to designate Information as Confidential or Highly Confidential pursuant to Paragraph 3 above solely upon a good-faith belief that the Information should be so

designated. The Parties agree to undertake challenges of designations only on a good-faith belief that such designation is unwarranted.

9. <u>Permissible Use</u>.

Protected Information and the substance or content thereof, including any notes, memoranda, or other similar documents relating thereto, shall be used by the Receiving Party solely for the purpose of this Matter. Protected Information shall be maintained by the Receiving Parties under the overall supervision of their Counsel. Any person found to have violated this order may be subject to, without limitation, civil and criminal penalties for contempt of court. It is understood that Producing Parties will not have an adequate remedy at law if there is any improper use and/or disclosure of Protected Information and that Producing Parties or Owners of Information have the right to seek damages, injunctive and any other relief that is deemed proper by the Court to remedy the improper use and/or disclosure of Protected Information.

Protected Information shall not be copied, electronically scanned or reproduced for use in this Matter except to the extent such copying, electronic scan or reproduction is reasonably necessary to the conduct of this Matter, and all such copies, electronic scans or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies, electronic scans or reproductions of Protected Information are made does not preserve the confidentiality designations which appear on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate. All copies, electronic scans or reproductions of Protected Information shall be kept under the control of the persons described in this Order.

Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of documents, material or information obtained or developed by such Party or witness

independently of the Discovery Proceedings in this Matter, whether or not such documents, material or information are also obtained through Discovery Proceedings in this Matter.

10. Protection.

Any person in possession of Protected Information shall exercise the same care with regard to the storage, custody or use of such Protected Information as they would apply to their own information of the same or comparable sensitivity.

The attorneys of record are responsible for employing reasonable measures to control and track, consistent with this Order, access to and distribution of Protected Information, including abstracts and summaries thereof.

11. Disclosure.

If Protected Information is used or disclosed by a Receiving Party to anyone other than in a manner authorized by this Protective Order, the Party responsible for such disclosure must bring all pertinent facts relating to such disclosure to the attention of the Producing Party and the Owner of the Protected Information within three (3) business days of learning of the unauthorized disclosure or use and make reasonable efforts to retrieve such Protected Information and to prevent further unauthorized disclosure or use.

12. Use of Protected Information in Depositions.

During any deposition in which Protected Information is discussed, Counsel for any Party or Third Party may: (a) designate, on the record, the portions of the transcript that contain Confidential or Highly Confidential Information, in which case the portions of the deposition so designated on the record shall be treated as Confidential or Highly Confidential Information, respectively, and placed in a separately bound volume; or (b) designate in writing to Counsel for all Parties, within fourteen (14) calendar days of delivery of the final transcript, the transcript portions which are to be treated as Confidential or Highly Confidential Information. Unless

otherwise agreed to by the Parties, all deposition transcripts will be considered as Highly Confidential Information until the notice set forth above or until the expiration of fourteen (14) calendar days from the final transcript's delivery. Nothing in this subparagraph (e) prevents a Party or Third Party from thereafter removing or challenging such confidentiality designations.

13. <u>Making Available for Inspection.</u>

In the event a Producing Party elects to produce documents and things for inspection, no marking need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all documents and things produced shall be considered as designated "Highly Confidential." Thereafter, upon selection of specified documents for copying, electronic scanning or other retention by the inspecting Party, the Producing Party shall mark the copies of such documents as may contain Protected Information with the appropriate confidentiality designation at the time the copies are produced to the inspecting Party.

14. <u>Use of Protected Information In Court Materials</u>.

In the event that any Protected Information is filed with the Court, such material, and any pleadings, motions, or other papers filed with the Court disclosing or reflecting any such material, shall be filed under seal consistent with the requirements of the Court's Local Rule 7.2 and the procedures of the United States District Court for the District of Massachusetts.

15. <u>Legal Significance of Compliance.</u>

Entering into, agreeing to, and/or producing or receiving Confidential Information and Highly Confidential Information or otherwise complying with the terms of this Protective Order shall not:

    a) Operate as an admission by any Party that any Information designated as Confidential Information and Highly Confidential Information contains or reflects trade secrets of any type or confidential or proprietary data entitled to protection under applicable law;

b) Prejudice in any way the rights of any Party to object to the production of Information it considers not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Information and Highly Confidential Information;

c) Prejudice in any way the rights of any Party to object to the authenticity of any Information, testimony or evidence subject to this Protective Order;

d) Prejudice in any way the rights of any Party to seek a determination by the Court whether any Confidential Information or Highly Confidential Information should be subject to the terms of this Protective Order;

e) Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly Confidential Information and Highly Confidential Information;

f) Prejudice in any way the rights of any Party to petition the Court for permission to disclose or use particular Confidential Information and Highly Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

g) Prevent any Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Information designated as Confidential Information and Highly Confidential Information.

For purposes of this paragraph, the same rights and limitations shall apply to any Third Party who produces Protected Information in this Matter and any Owner of Protected Information produced in this Matter.

16. <u>Non-Termination</u>.

All provisions of this Protective Order restricting the use of Information obtained during discovery shall continue to be binding on the Parties and all persons who have received Information under this Protective Order, after the conclusion of this Matter, including all appeals.

Within thirty (30) calendar days after the conclusion of this Matter, including all appeals, unless the Parties agree in writing to the contrary, and upon written request of the Producing Party, any originals or reproductions of any Protected Information shall be returned to the Producing Party or destroyed, except that Counsel shall be entitled to retain attorney work product and, for archival purposes, electronic copies of pleadings, correspondence, transcripts, exhibits and memoranda that contain or refer to Protected Information, including a complete record of any proceedings before the Court. The Receiving Party or its Counsel shall certify in writing that all such Information has been returned or destroyed.

Within thirty (30) days of the final termination of the Matter, including any appeal thereof, and upon the written request of the Producing Party, copies of Protected Information provided by a Party to any experts or consultants should be retrieved by the Party that provided the Protected Information to the expert or consultant, or be destroyed by the expert or consultant. Any expert or consultant receiving Protected Information will be required to certify in writing that all such Information has been returned or destroyed.

Nothing in this section 16 shall require a Party to return or destroy Protected Information if the Party had rights before the entry of this Order to possess or use the Protected Information.

Upon the written request of a Producing Party, a Receiving Party shall, within 5 calendar days of the receipt of such a request, provide a written confirmation of full compliance with the provisions of this Paragraph.

17. **Third Party Requests.**

If any person receiving Protected Information is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Protected Information, the person receiving the subpoena, document demand, or request shall give written notice as soon as practicable (but in no event more than five (5) business days after receipt) to counsel for the Producing Party and shall, to the extent permitted by law, withhold production of the Protected Information until any dispute relating to the production of such Protected Information is resolved.

18. **Modification Permitted.**

Nothing in this Order shall prevent any Party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

19. **No Waiver of Privilege.**

If Information subject to a claim of attorney-client privilege or work-product immunity or any other privilege or immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such Information as provided under applicable law or governing rule, including Federal Rule of Evidence 502. If a Producing Party has inadvertently or mistakenly produced Information subject to a claim of immunity or privilege, and if the Producing Party makes a written request for the return of such Information, the Information for which a claim of inadvertent production is made (including any analyses, memoranda or notes which were internally generated by the Receiving Party based upon such inadvertently produced Information), as well as all copies and reproductions thereof, shall be either sequestered or returned immediately regardless of whether the Receiving Party disputes the claim of privilege. The Producing Party will promptly include information or sufficient description explaining the

asserted privilege on a privilege log. If the Receiving Party disputes the Producing Party's assertion of privilege on any Information, the Receiving Party may request that the Court rule on the applicability of privilege to that Information. Subject to the Court's direction, resolution of the issue may include the Court's review of the potentially privileged Information *in camera*.

20. **No Waiver of Right to Object to Scope of Discovery.**

This Order shall not enlarge or affect the proper scope of discovery in this Matter or any other litigation or legal proceeding; nor shall this Order imply that Information is properly discoverable, relevant or admissible in this Matter or any other litigation or legal proceeding. Any Party reserves the right to object to any production or disclosure of Information on any ground it may deem appropriate

21. **No Waiver of Rights to Seek Further Relief.**

The entry of this Order shall be without prejudice to the rights of the Parties or of any non-party to assert or apply for additional or different protection. Nothing in this Order shall prevent any Party from seeking an appropriate protective order to further govern the use of Protected Information at any court hearing or trial.

22. **Miscellaneous.**

Nothing in this Order shall prevent a Producing Party or Owner from any use of Protected Information in its possession, custody or control.

23. **Jurisdiction.**

Each person executing the Endorsement of the Protective Order (Exhibit A) submits to the jurisdiction of the Court for the purposes of enforcement of this Order. Jurisdiction over this Matter is to be retained by the Court after final determination for purposes of enabling any Party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such

additional relief as may become appropriate.

24. **Conflicts.**

Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients in this Matter and, in the course thereof, relying generally on examination of Protected Information; provided, however, that in rendering such advice and otherwise communicating with such client, Counsel shall not make specific disclosure of any item so designated except as is consistent with this Order.

25. **Counterparts.**

This Order may be signed in counterpart, and each such counterpart shall be deemed an original.

| | |
|---|---|
| Dated: July 30, 2014 | Respectfully submitted, |
| */s/ Marc I. Gross* | */s/ Matthew L. McGinnis* |
| Marc I. Gross<br>Jeremy A. Lieberman<br>Star M. Tyner<br>**POMERANTZ LLP**<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Tel: (212) 661-1100<br>Fax: (212) 661-8665 | John D. Donovan, Jr. (BBO #130950)<br>Matthew L. McGinnis (BBO #666120)<br>Michael J. Vito (BBO #675524)<br>**ROPES & GRAY LLP**<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199-3600<br>Tel: (617) 951-7000<br>Fax: (617) 951-7050<br>john.donovan@ropesgray.com<br>matthew.mcginnis@ropesgray.com<br>michael.vito@ropesgray.com |
| Samuel H. Rudman<br>David A. Rosenfeld<br>Christopher M. Barrett<br>**ROBBINS GELLER RUDMAN &<br>DOWD, LLP**<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Tel: (631) 367-7100<br>Fax: (631) 367-1173 | *Counsel for Defendants Avid Technology, Inc., Gary G. Greenfield and Kenneth A. Sexton*<br><br>*/s/ Lisa C. Wood* |
| | Lisa C. Wood (BBO #543811)<br>Matthew C. Baltay (BBO #638722)<br>Daniel L. McFadden (BBO #676612)<br>**FOLEY HOAG LLP**<br>155 Seaport Boulevard<br>Boston, MA 02210-2600<br>Tel: (617) 832-1000<br>Fax: (617) 832-7000<br>lwood@foleyhoag.com<br>mbaltay@foleyhoag.com<br>dmcfadden@foleyhoag.com |
| Patrick V. Dahlstrom<br>**POMERANTZ LLP**<br>Ten South LaSalle Street, Suite 3505<br>Chicago, IL 60603<br>Tel: (312) 377-1181<br>Fax: (312) 377-1184<br><br>*Co-Lead Counsel for Plaintiffs* | *Counsel for Defendant Ernst & Young LLP* |

Theodore M. Hess-Mahan (BBO #557109)
**HUTCHINGS, BARSAMIAN, MANDELCORN &ZEYTOONIAN, LLP**
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Tel: (781) 431-2231
Fax: (781) 431-8726
thess-mahan@hutchingsbarsamian.com

Edward F. Haber (BBO#215620)
**SHAPIRO HABER & URMY LLP**
53 State Street
Boston, MA 02109
Tel: (617) 439-3939
Fax: (617) 439-0134

*Liaison Counsel for Plaintiffs*


Thomas C. Michaud
**VANOVERBEKE MICHAUD & TIMMONY, P.C.**
79 Alfred Street
Detroit, MI 48201
Tel: (313) 578-1200
Fax: (313) 578-1201

*Additional Counsel for Plaintiffs*

GOOD CAUSE HAVING BEEN SHOWN, THIS STIPULATED PROTECTIVE ORDER IS HEREBY APPROVED AND SO ORDERED, this _____ day of _____, 2014.

BY THE COURT:

_____
Hon. William G. Young
United States District Judge

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MICHAEL COURTNEY, Individually and On Behalf of All Other Persons Similarly Situated,<br><br>                        Plaintiffs,<br><br>            v.<br><br>AVID TECHNOLOGY, INC., GARY G. GREENFIELD, KENNETH A. SEXTON, and ERNST & YOUNG LLP,<br><br>                        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:13-CV-10686-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATED PROTECTIVE ORDER: EXHIBIT A**

**ENDORSEMENT OF PROTECTIVE ORDER**

I, _____, hereby attest to my understanding that Information designated as Confidential Information and/or Highly Confidential Information ("Protected Information") is provided to me subject to the Protective Order, dated _____ 2014 (the "Protective Order"), in the above-captioned litigation and any related discovery as well as any appeals taken therefrom (the "Matter"); that I have been given a copy of and have read the Protective Order; and that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any Information designated as Protected Information pursuant to the Protective Order.

-2-

I further agree that I shall not disclose to others, except in accord with the Protective Order, any Protected Information, in any form whatsoever, and that Protected Information may be used only for the purposes authorized by the Protective Order.

I further agree either to return all copies of any Protected Information that I have received to Counsel who provided them to me, or to destroy such Protected Information, upon completion of the purpose for which they were provided and no later than the conclusion of this Matter.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Protected Information will continue even after this Matter concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure.  I agree to be subject to the jurisdiction of the United States District Court for the District of Massachusetts for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Endorsement of Protective Order, regardless of whether the Protective Order has been entered by the Court, including the provisions limiting the use of Protected Information, requiring appropriate safeguarding of Protected Information, and requiring certification regarding the disposal of Protected Information at the termination of this Matter.

By: _____

Date: _____