# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL COURTNEY, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br>vs.<br><br>AVID TECHNOLOGY, INC., GARY G. GREENFIELD, KENNETH A. SEXTON and ERNST & YOUNG, LLP,<br><br>                    Defendants. | No. 1:13-cv-10686-WGY<br><br><u>CLASS ACTION</u> |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

EXHIBIT A

WHEREAS, an action is pending before this Court styled *Courtney v. Avid Technology, Inc., et al.*, No. 1:13-cv-10686-WGY (the "Litigation");

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated December 31, 2014 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation against the Defendants and the Released Parties with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein, subject to further consideration at the Settlement Hearing.

2. A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2015, at _____ _.m., at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether an Order and Final Judgment as provided in ¶1.13 of the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Plaintiffs' Counsel and Lead Plaintiff for his service to the Settlement Class; to hear any objections by Settlement Class Members to the Stipulation or Plan of Allocation or any award of

fees and expenses to Plaintiffs' Counsel or to Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of settlement only, a Settlement Class defined as all Persons and entities who purchased or otherwise acquired the common stock of Avid Technology, Inc. ("Avid" or the "Company") between October 23, 2008 and February 24, 2014, inclusive (the "Class Period"). Excluded from the Settlement Class are:

(a)  Persons or entities who submit valid and timely requests for exclusion from the Settlement Class; and

(b)  Defendants, the officers and directors of Avid during the Class Period, the partners and officers of Ernst & Young LLP during the Class Period, members of the immediate families of each Defendant, any person or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, agents, heirs, successors or assigns of any such excluded party.

4.  For purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual question; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and his counsel have fairly and adequately represented and protected the interests of Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints for settlement purposes only the firm The Garden City Group, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than ten (10) days after the entry of this Order, Avid shall cause its transfer agent to provide to Lead Counsel and/or the Claims Administrator, in an electronic format acceptable to the Claims Administrator, a list of names and addresses of all record holders of Avid common stock during the Class Period (the "Class List");

(b) Not later than _____, 2015 (the "Notice Date"), Lead Counsel and/or the Claims Administrator shall cause a copy of the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and to be posted on its website at www._____.com;

(c) Not later than _____, 2015, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

(d) Not later than twenty-one (21) calendar days before the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6. Nominees who purchased or acquired Avid common stock for the benefit of another Person during the Class Period shall be requested to send the Notice and Proof of Claim to such beneficial owners of Avid common stock within ten (10) calendar days after receipt thereof, or send

a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

7. The form and content of the notice program described herein, and the methods set forth herein for notifying the Settlement Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

8. Other than the cost of providing the names and addresses of record holders of Avid common stock during the Class Period to Lead Counsel and/or the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Settlement Class shall be paid from the Settlement Fund as set forth in ¶2.7 of the Stipulation, and in no event shall any of the Released Parties bear any responsibility for such fees, costs, or expenses.

9. All Settlement Class Members (except Persons who request exclusion pursuant to ¶13 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable, to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

10. Settlement Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim in accordance with the instructions contained therein. Unless the

Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____, 2015.  Any Settlement Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  Plaintiffs' Counsel shall not incur any liability for declining to accept any late-submitted claim.

11. The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

13. Any Settlement Class Member may, upon request, be excluded or "opt out" from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), received no later than fourteen (14) days prior to the Settlement Hearing set forth in ¶2. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions and sales of Avid common stock between October 23, 2008 and February 24, 2014, inclusive, including the dates, the number of Avid common shares purchased, acquired or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

14. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than seven (7) days prior to the Settlement Hearing set forth in ¶2.

15. Any Settlement Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why any Fee and Expense Application should not be granted; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any Fee and Expense Award, unless written objections and copies of any papers and briefs are received by Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900,

San Diego, CA 92101; Pomerantz LLP, Jeremy A. Lieberman, 600 Third Avenue, 20th Floor, New York, NY 10016; Foley Hoag LLP, Matthew C. Baltay, 155 Seaport Boulevard, Boston, MA 02210; and Ropes & Gray LLP, Matthew L. McGinnis, Prudential Tower, 800 Boylston Street, Boston, MA 02199, on or before _____, 2015; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the District of Massachusetts, on or before _____, 2015.  Any member of the Settlement Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the Fee and Expense Application or the Fee and Expense Award, unless otherwise ordered by the Court.  Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing.  Settlement Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

16.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.     All papers in support of the Settlement, Plan of Allocation, and any Fee and Expense Application shall be filed and served no later than twenty-one (21) calendar days prior to the Settlement Hearing, and any reply papers shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

18.     The Released Parties shall have no responsibility for the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

19.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation and any Fee and Expense Application proposed by Lead Counsel should be approved.

20.     All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor any of his counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.7 of the Stipulation.

21.     Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Parties or any other Released Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation.  The Released Parties, Lead Plaintiff, Settlement Class Members, and each of their counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22. All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

23. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: _____    _____
                                  THE HONORABLE WILLIAM G. YOUNG
                                  UNITED STATES DISTRICT JUDGE