# EXHIBIT A-1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL COURTNEY, Individually and on Behalf of All Others Similarly Situated, ) | No. 1:13-cv-10686-WGY |
| ) | |
| ) | CLASS ACTION |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| AVID TECHNOLOGY, INC., GARY G. GREENFIELD, KENNETH A. SEXTON and ERNST & YOUNG, LLP, ) ) ) | |
| ) | |
| Defendants. ) | |
| ) | |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING

EXHIBIT A-1

**TO:    ALL PERSONS WHO PURCHASED OR ACQUIRED AVID TECHNOLOGY, INC. ("AVID" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD FROM OCTOBER 23, 2008, THROUGH FEBRUARY 24, 2014, INCLUSIVE (THE "SETTLEMENT CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE [INSERT DATE]**.

This Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action and the proposed settlement of the Litigation (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees, costs, and expenses and an award to the Lead Plaintiff for his service to the Class.  This Notice describes the rights you may have in connection with your participation in the Settlement, what steps you may take in relation to the Settlement and this class action, and, alternatively, what steps you must take if you wish to be excluded from the Settlement and this Litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment.  Proof of Claim forms must be postmarked or submitted online on or before [Insert Date]. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Parties about the legal claims in this case.  Exclusions must be received on or before [Insert Date]. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses.  You will still be a member of the Settlement Class.  Objections must be received by the Court and counsel on or before [Insert Date]. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement.  Requests to speak must be received by the Court and counsel on or before [Insert Date]. |
| **DO NOTHING** | Get no payment.  Give up your rights. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $2.595 million Settlement Fund has been established.  Lead Plaintiff's damages expert estimates that there were approximately 19.849 million shares of Avid common stock which may have been damaged during the Class Period. Lead Plaintiff's damages expert estimates that the average recovery under the Settlement is roughly $0.13 per damaged share, before deduction of any taxes on the income thereof, notice and administration costs and the attorneys' fees, costs, and expenses as determined by the Court. A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Loss as compared to the total Recognized Losses of all Settlement Class Members who submit acceptable Proofs of Claim.   An individual Settlement Class Member may receive more or less than this estimated average amount depending on the number of claims submitted, when during the Class Period a Settlement Class Member purchased or acquired Avid common stock, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received.  *See* Plan of Allocation as set forth at pages _____ below for more information on your Recognized Loss.

### Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amount of damages per Avid common share that would be recoverable if the Settlement Class prevailed on each claim alleged.  The Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages.

### Statement of Attorneys' Fees, Costs, and Expenses Sought

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Fund, plus costs and expenses not to exceed $550,000.00, plus interest earned on both amounts at the same rate as earned by the Settlement Fund.  Since the Litigation's inception, Lead Counsel have expended considerable time and effort in the prosecution of this Litigation on a contingent fee basis and advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class they would be paid from such recovery.  In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees. The requested fees, costs, and expenses amount to an average of approximately $0.07 per damaged share.  The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim submitted.  In addition, the Lead Plaintiff may seek an award of $10,000.00 for his time and expenses incurred in representing the Settlement Class.

### Further Information

For further information regarding the Litigation, this Notice or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at _____, or www._____.com.

994221_4

You may also contact representatives of counsel for the Settlement Class:  Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101,1-800-449-4900, www.rgrdlaw.com or Robert Willoughby, Shareholder Relations, Pomerantz LLP, 600 Third Avenue, New York, NY 10016, www.pomerantzlaw.com.

Please Do Not Call the Court or Defendants with Questions About the Settlement.

**Reasons for the Settlement**

The principal reason for the Settlement is the benefit to be provided to the Settlement Class now.  This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

## BASIC INFORMATION

| 1. | **Why did I get this notice package?** |
|---|---|

You or someone in your family may have purchased or acquired Avid common stock during the time period October 23, 2008, through February 24, 2014, inclusive ("Class Period").

The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after objections and appeals, if any, are resolved, the Claims Administrator appointed by the Court will make the payments provided for in the Settlement.

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of Massachusetts, and the case is known as *Courtney v. Avid Technology, Inc., et al.*, No. 1:13-cv-10686-WGY.  The case has been assigned to the Honorable William G. Young.  The individual representing the Settlement Class is the "Lead Plaintiff," and the companies and individuals he sued and who have now settled are called the Defendants.

| 2. | **What is this lawsuit about?** |
|---|---|

This is a federal securities class action brought on behalf of all purchasers of Avid common stock from October 23, 2008 through February 24, 2014.  The initial complaint in the Litigation was filed in the Court on March 25, 2013.  On July 31, 2013, the Court entered an order appointing Mr. Courtney as a Lead Plaintiff and approving his counsel as Lead Counsel. On September 16, 2013, the operative amended complaint was filed in this Litigation (the "Complaint"), alleging that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5.  More specifically, Lead Plaintiff alleged that (i) Avid improperly recognized revenues it generated from various software updates, which include, among other things, enhancement, bug fixes, and compatibility extensions; (ii) the Company improperly manipulated accounting reserves associated with its restructuring

- 3 -

initiatives throughout the Class Period in order to inflate its earnings; (iii) Avid also failed to disclose that its centralized sales structure in Europe was not working and that its scheme to increase prices in order to offset sales was equally ineffective; and (iv) Avid's external auditor, Ernst & Young LLP, issued false audit opinions concerning Avid's financial statements.  From the outset of the Litigation, Defendants have consistently denied all of the allegations of wrongdoing alleged in the Complaint.

On October 31, 2013, Defendants moved to dismiss the Complaint.  Lead Plaintiff opposed Defendants' motions to dismiss on December 16, 2013, and Defendants filed reply briefs on January 22, 2014.  By Order dated June 27, 2014, the Court issued an order granting in part and denying in part Defendants' motions to dismiss the Complaint.

The parties conducted extensive fact discovery from August 2014 through October 2014, including production of hundreds of thousands of documents, and taking more than ten depositions.  By November 21, 2014, the parties had exchanged expert reports and fully briefed Lead Plaintiff's motion for class certification (which remains pending as of the date hereof).  On November 21, 2014, Lead Plaintiff filed a motion for leave to amend his complaint, seeking to extend the Class Period.  On December 3, 2014, before the deadline for Defendants to file their opposition to Lead Plaintiff's motion for leave to amend his complaint, the parties attended a formal mediation session before Jed Melnick, Esq.  At the end of that mediation, the parties reached an agreement-in-principle to resolve the Litigation on the specific terms set forth herein. Summary judgment briefing in the Litigation was scheduled to be complete by January 30, 2015, with the case set for trial on March 2, 2015.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the Litigation.  Defendants contend that they did not make any materially false or misleading statements, they disclosed all material information required to be disclosed by the federal securities laws and any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing.  Defendants also contend that any losses suffered by members of the Settlement Class were not caused by any false or misleading statements by Defendants and/or were caused by intervening events.

| 3. | **Why is this a class action?** |

In a class action, one or more people called the plaintiff sues on behalf of people who have similar claims.  All of the people with similar claims are referred to as a class or class members.  One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | **Why is there a settlement?** |

The Court has not decided in favor of the Defendants or of the Settlement Class.  Instead, both sides agreed to the Settlement to avoid the distraction, costs and risks of further litigation, including trial, and Lead Plaintiff agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.  Lead Plaintiff and Lead Counsel believe the Settlement is in the best interest of all Settlement Class Members in light of the real possibility that continued litigation could result in no recovery at all.

- 4 -

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Settlement Class Member.

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Court directed that everyone who fits this description is a Settlement Class Member: ***all Persons and entities who purchased or acquired Avid common stock between October 23, 2008 and February 24, 2014, inclusive***, except those Persons and entities that are excluded, as described below.

| 6. | Are there exceptions to being included? |
|---|---|

Excluded from the Settlement Class are Defendants; the officers and directors of Avid during the Class Period; the partners and officers of Ernst & Young LLP during the Class Period; members of the immediate families of each Defendant; any person or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant; and the legal representatives, agents, heirs, successors or assigns of any such excluded party.  Also excluded from the Settlement Class are those Persons or entities who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth below.

If one of your mutual funds own Avid common stock, that alone does not make you a Settlement Class Member.  You are a Settlement Class Member only if you directly purchased or acquired Avid common stock during the Class Period.  Contact your broker to see if you have purchased or acquired Avid common stock.

If you sold Avid common stock during the Class Period, that alone does not make you a Settlement Class Member.   You are a Settlement Class Member only if you ***purchased or acquired*** Avid common stock, as defined above.

| 7. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-_____, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the Settlement provide? |
|---|---|

In exchange for the Settlement and the release of the Released Claims (defined below) as well as dismissal of the Litigation, Defendants have agreed that a payment of $2.595 million will be made by Defendants (or on their behalf) to be divided, after taxes, fees, and expenses, among all Settlement Class Members who send in a valid Proof of Claim form.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on several things, including, how many Settlement Class Members submit timely and valid Proof of Claim forms, the total Recognized Losses represented by the valid Proof of Claim forms that Settlement Class Members send in, the number of shares of Avid common stock you purchased or acquired, how much you paid for the shares, when you purchased or acquired, and if you sold your shares and for how much.

By following the instructions in the Plan of Allocation, you can calculate what is called your Recognized Loss. It is unlikely that you will get a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses. *See* the Plan of Allocation at pages ___ hereof for more information on your Recognized Loss.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 10. | How can I get a payment? |
|---|---|

To qualify for a payment, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www._____.com. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail or submit it online so that it is postmarked or received no later than [insert date]. The claim form may be submitted online at www._____.com.

| 11. | When would I get my payment? |
|---|---|

The Court will hold a Settlement Hearing on _____, 2015, to decide whether to approve the Settlement. If the Court approves the Settlement after that, there might be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up to get a payment or to stay in the Settlement Class? |
|---|---|

Unless you exclude yourself, you will remain a Settlement Class Member, and that means that, if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Parties" (as defined below):

- "Released Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, judgments, decrees, matters, as well as issues and controversies of any kind, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or unapparent, foreseen or unforeseen, suspected or

- 6 -

unsuspected, fixed or contingent, including Unknown Claims (defined below), that Lead Plaintiff or any and all members of the Settlement Class ever had, now have, or may have, or otherwise could, can, or might assert, whether direct, individual, class, representative, derivative, legal, equitable, or of any other type, against any of the Released Parties, whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule (including, but not limited to, any claims under federal securities laws or state law), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims, or any other matters, that were (including in the complaint filed March 25, 2013; the Complaint filed September 16, 2013; and the proposed second amended complaint dated November 21, 2014), could have been, or in the future can or might be alleged, asserted, set forth, or claimed in connection with the Litigation or the subject matter of the Litigation in any court, tribunal, forum, or proceeding, including, but not limited to, and without limitation, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, both to the purchase, sale, and/or holding of Avid common stock purchased during the Class Period by Lead Plaintiff or any member of the Settlement Class and (i) the Avid Defendants' accounting policies and practices during the Class Period; (ii) the Avid Defendants' statements or omissions and SEC filings during the Class Period which arise out of, relate in any way to the allegations or subject matter of the Litigation; (iii) Avid's stated intent to restate (and the actual restatement of) certain of its prior financial statements; (iv) Avid's restructuring initiatives during the Class Period; (v) actions taken or statements/omissions made by Mr. Greenfield and/or Mr. Sexton that arise out of or relate in any way to any of the foregoing or any of the allegations or subject matter of the Litigation; (vi) the auditing and other professional work of EY and any of the EY Entities for Avid during the Class Period; or (vii) EY's audit and internal controls reports issued on or about March 16, 2009, March 16, 2010, March 14, 2011, and February 29, 2012; provided however, that the Released Claims shall not include (i) the right to enforce the Memorandum of Understanding, dated December 12, 2014, or the Stipulation; or (ii) the right to enforce any confidentiality agreement to which the Settling Parties have entered or may enter into in connection with the Litigation.

- "Released Parties" means, whether or not each or all of the following persons or entities were named in the Action or any related suit, (i) any and all Defendants; (ii) Ernst & Young Global Limited, each of the member firms of Ernst & Young Global Limited (together with EY and Ernst & Young Global Limited, the "EY Entities"); (iii) any person or entity which is, was, or will be related to or affiliated with any or all of the Defendants or in which any or all of the Defendants has, had, or will have a controlling interest; and (iv) the respective past or present direct or indirect family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, general partners, limited partners, partnerships,

joint ventures, affiliated investment funds, affiliated investment vehicles, affiliated investment managers, affiliated investment management companies, member firms, corporations, parents, subsidiaries, divisions, affiliates, associated entities, principals, officers, directors, managing directors, members, managers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, bankers, underwriters, brokers, dealers, lenders, attorneys, insurers, co-insurers, re-insurers, and associates of each and all of the foregoing.

- "Unknown Claims" means any claim that Lead Plaintiff or any Settlement Class Member does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims as against the Released Parties, including, without limitation, those claims which, if known, might have affected the decision to enter into the Memorandum of Understanding, dated December 12, 2014, or the Stipulation.  With respect to any of the Released Claims, the Settling Parties stipulate and agree that upon final approval of the Settlement, Lead Plaintiff shall expressly and each Settlement Class Member shall be deemed to have waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under California Civil Code §1542 or any law of the United States or any state of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

  > **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

  Lead Plaintiff acknowledges, and the Settlement Class Members by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Lead Plaintiff, and by operation of law the Settlement Class Members, to completely, fully, finally, and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or previously existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  Lead Plaintiff acknowledges, and the Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a material element of the Settlement and was relied upon by each and all of the Defendants in entering into this Settlement.

If you remain a member of the Settlement Class, all of the Court's orders will apply to you and legally bind you.

- 8 -

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep the right to sue the Defendants and the other Released Parties, on your own, about the legal issues in this case, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself or "opting out."

| 13. | **How do I get out of the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Avid Securities Litigation*." Your letter must include the date(s), price(s), and number(s) of all purchases, acquisitions and sales of Avid common stock during the Class Period.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is **received no later than [insert date]** to:

*Avid Securities Litigation*
c/o The Garden City Group, Inc.
Claims Administrator
1985 Marcus Avenue
Lake Success, NY 11402

If you ask to be excluded, you will not get any payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Parties in the future.

| 14. | **If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later?** |
|---|---|

No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Parties for any and all Released Claims.  If you have a pending lawsuit against the Released Parties speak to your lawyer in that case immediately.  You must exclude yourself from this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is [insert date].

| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No.  If you exclude yourself, you may not send in a Proof of Claim to ask for any money. But, you may be able to sue or be part of a different lawsuit against the Defendants and the other Released Parties about the claims raised in this Litigation.

## THE LAWYERS REPRESENTING YOU

| 16. | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered the law firms of Pomerantz LLP and Robbins Geller Rudman & Dowd LLP to represent the Settlement Class Members, including you.  These lawyers are called Lead

- 9 -

994221_4

Counsel.  You will not be charged for these lawyers.  They will be paid from the Settlement Fund to the extent the Court approves their application for fees and expenses.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | **How will the lawyers be paid?** |
| --- | --- |

Lead Counsel will move the Court for an award of attorneys' fees in an amount not greater than thirty percent (30%) of the Settlement Fund and for expenses and costs in an amount not to exceed $550,000.00, which were incurred in connection with the Litigation, plus interest on such fees, costs, and expenses at the same rate earned by the Settlement Fund.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.  To date, Lead Counsel have not been paid for their services for conducting this Litigation on behalf of Lead Plaintiff and the Settlement Class nor for their substantial litigation expenses.  The fee requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement Fund and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type.

## OBJECTING TO THE SETTLEMENT

| 18. | **How do I tell the Court that I object to the proposed Settlement?** |
| --- | --- |

If you are a Settlement Class Member, you can object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee, cost, and expense application or the award to Lead Plaintiff.  You can write to the Court setting out your objection.  The Court will consider your views.  To object, you must send a signed letter saying that you object to the proposed Settlement in the *Avid Securities Litigation*.  Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of Avid common stock you purchased or acquired and sold during the Class Period, and state the reasons why you object to the proposed Settlement.  Your objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is **received no later than [insert date]:**

- 10 -

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| Clerk of the Court | Jeremy A. Lieberman | Matthew C. Baltay |
| United States District Court | POMERANTZ LLP | FOLEY HOAG LLP |
| District of Massachusetts | 600 Third Avenue | 155 Seaport Boulevard |
| John Joseph Moakley | New York, NY 10016 | Boston, MA 02210 |
|   U.S. Courthouse | | |
| 1 Courthouse Way | Ellen Gusikoff Stewart | Matthew L. McGinnis |
| Suite 2300 | ROBBINS GELLER RUDMAN | ROPES & GRAY LLP |
| Boston, MA 02210 |   & DOWD LLP | Prudential Tower |
| | 655 West Broadway, Suite 1900 | 800 Boylston Street |
| | San Diego, CA 92101 | Boston, MA 02199 |

| **19.** | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| **20.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing at__: _____ __.m., on _____day, _____, 2015, at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210.  At the hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Lead Counsel.  After the Settlement Hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

| **21.** | **Do I have to come to the hearing?** |
|---|---|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk

- 11 -

about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | **May I speak at the hearing?** |
|-----|--------------------------------|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 18 above) a statement saying that it is your "Notice of Intention to Appear in the *Avid Securities Litigation*."  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | **What happens if I do nothing at all?** |
|-----|------------------------------------------|

If you do nothing, you will get no money from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Released Parties about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 24. | **Are there more details about the proposed Settlement?** |
|-----|-----------------------------------------------------------|

This Notice summarizes the proposed Settlement.  More details are in a Stipulation of Settlement dated December 31, 2014 (the "Stipulation").  You can get a copy of the Stipulation and obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-_____.  A copy of the Stipulation is also available on the Claims Administrator's website at www._____.com.

| 25. | **How do I get more information?** |
|-----|-----------------------------------|

For even more detailed information concerning the matters involved in this Litigation, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Litigation, which may be inspected at the Office of the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, during regular business hours.  For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

The Settlement Amount of $2.595 million and any interest earned thereon shall be the "Settlement Fund."  The Settlement Fund, less all taxes, approved costs, fees, and expenses (the

994221_4

"Net Settlement Fund") shall be distributed to Settlement Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss" calculated using the Court-approved Plan of Allocation.  The Recognized Loss formula (below) is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial; nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Court may approve the Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the settlement website at: www._____.com.

The following proposed Plan of Allocation was created with the assistance of a consulting damages expert who analyzed the movement of Avid's common stock during the Class Period.  It takes into account the stock drops allegedly attributable to the alleged fraud. Accordingly, a claimant's "Recognized Loss" will be calculated for purposes of the Settlement as follows:

| 26. | **What is the basis for calculating my Recognized Loss?** |
|---|---|

A "Recognized Loss" will be calculated as set forth below for each share of Avid common stock purchased or otherwise acquired during the Class Period, and for which adequate documentation is provided.  The calculation of Recognized Loss will depend upon several factors, including when the Avid common stock was purchased or otherwise acquired during the Class Period, and in what amounts, and whether those shares were sold, and if sold, when they were sold, and for what amounts.

If the amount in the Net Settlement Fund is not sufficient to permit payment of the total claims of all Authorized Claimants, each Authorized Claimant shall be paid a percentage of the Net Settlement Fund equal to the percentage that such Authorized Claimant's Recognized Loss represents in relation to the total Recognized Loss amounts claimed by all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws.  Based on the opinions of Lead Plaintiff's damages consultant, the Plan of Allocation assumes that there were varied amounts of artificial inflation in the prices of Avid common stock during the Class Period.  The artificial price inflation during the Class Period allegedly reflects the price change in the stock in response to public announcements that corrected the misrepresentations alleged by Lead Plaintiff in the proposed second amended complaint dated November 21, 2014.

Federal securities laws allow investors to recover for losses caused by disclosures which correct Defendants' previous false or misleading statements.  Thus, in order to have been damaged by the alleged violations of the federal securities laws, shares of Avid common stock purchased or otherwise acquired during the Class Period must have been held during a period of

- 13 -

time in which its price declined due to the disclosure of information which corrected an allegedly false or misleading statement.  Accordingly, if Avid common stock was purchased and then sold between dates of corrective disclosures, or sold prior to the earliest corrective disclosure date, the Recognized Loss for those shares is $0.00, and any loss suffered is not compensable under the federal securities laws.

The estimated alleged artificial inflation in the price of Avid common stock during the Class Period, assuming that Lead Plaintiff could adequately allege and prove liability for that entire period, is reflected in Table 1 below.[1]

| Table 1 Alleged Artificial Inflation in Avid Common Stock | | |
|---|---|---|
| **From** | **To** | **Alleged Loss** |
| 10/23/2008 | 2/24/2013 | $0.83 |
| 2/25/2013 | 1/7/2014 | $0.15 |
| 1/8/2014 | 2/23/2014 | $0.10 |
| 2/24/2014 | and thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss.[2]

---

[1]     5% of the total estimated price inflation for the period February 25, 2013 through February 23, 2014 is used in Table 1 to reflect the likelihood of success on claims associated with the alleged corrective disclosures that occurred on January 8, 2014 and February 24, 2014.

[2]     Pursuant to Section 21(D)(e)(1) of the PSLRA (15 U.S.C. §78u-4(e)(1)), "the award of damages to the plaintiff shall not exceed the difference between the purchase . . . price paid . . . by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." The mean closing price of Avid stock during the 90-day period beginning on February 24, 2014 and ending on May 23, 2014 was $6.91.

Pursuant to Section 21(D)(e)(2) of the PSLRA (15 U.S.C. §78u-4(e)(2)), "if the plaintiff sells . . . the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

- 14 -

An Authorized Claimant's Recognized Loss will be calculated as follows:

    i.   For each share of Avid common stock purchased or acquired during the period October 23, 2008 through February 23, 2014, inclusive, and sold on or before February 23, 2014, the Recognized Loss per share is the minimum of:

        a.   the amount of per-share price inflation on the date of purchase or acquisition as appears in Table 1 above, **minus** the amount of per-share price inflation on the date of sale or disposition as appears in Table 1 above; and

        b.   the purchase/acquisition price **minus** the price at which the stock was sold or disposed of.  If this calculation results in a negative number, then the Recognized Loss shall be $0.

    ii.  For each share of Avid common stock purchased or acquired during the period October 23, 2008 through February 23, 2014, inclusive, and sold from the opening of trading on February 24, 2014 through the close of trading on May 23, 2014 (*i.e.*, the end of the 90-day period following the Class Period), the Recognized Loss per share is the minimum of:

        a.   the amount of per-share price inflation on the date of purchase or acquisition as appears in Table 1 above; and

        b.   the purchase/acquisition price **minus** the "90-Day Look Back Value" on the date of sale/disposition provided in Table 2 below.  If this calculation results in a negative number, then the Recognized Loss shall be $0.

    iii. For each share of Avid common stock purchased or acquired during the period October 23, 2008 through February 23, 2014, inclusive, and held after the close of trading on May 23, 2014, the Recognized Loss per share is the minimum of:

        a.   the amount of per-share price inflation on the date of purchase or acquisition as appears in Table 1 above; and

        b.   the purchase/acquisition price **minus** the average closing price of Avid common stock during the 90 days following the Class Period, which is $6.91.  If this calculation results in a negative number, then the Recognized Loss shall be $0.

---

    Pursuant to Section 21(D)(e)(3) of the PSLRA (15 U.S.C. §78u-4(e)(3)), the "'mean trading price' of a security shall be an average of the daily trading price of that security, determined as of the close of the market each day during the 90-day period referred in paragraph (1)."

| Table 2 PSLRA Loss Limitation for 90-day Look Back Period | |
|---|---|
| **Sale/Disposition Date** | **Rolling Average Price during 90-day Look Back Period as of the Date of Sale/Disposition** |
| 2/24/2014 | $4.93 |
| 2/25/2014 | $5.48 |
| 2/26/2014 | $5.87 |
| 2/27/2014 | $6.06 |
| 2/28/2014 | $6.17 |
| 3/3/2014 | $6.26 |
| 3/4/2014 | $6.33 |
| 3/5/2014 | $6.37 |
| 3/6/2014 | $6.41 |
| 3/7/2014 | $6.46 |
| 3/10/2014 | $6.50 |
| 3/11/2014 | $6.52 |
| 3/12/2014 | $6.54 |
| 3/13/2014 | $6.55 |
| 3/14/2014 | $6.56 |
| 3/17/2014 | $6.57 |
| 3/18/2014 | $6.56 |
| 3/19/2014 | $6.56 |
| 3/20/2014 | $6.56 |
| 3/21/2014 | $6.54 |
| 3/24/2014 | $6.53 |
| 3/25/2014 | $6.52 |
| 3/26/2014 | $6.51 |
| 3/27/2014 | $6.50 |

| Table 2 PSLRA Loss Limitation for 90-day Look Back Period | |
|---|---|
| Sale/Disposition Date | Rolling Average Price during 90-day Look Back Period as of the Date of Sale/Disposition |
| 3/28/2014 | $6.48 |
| 3/31/2014 | $6.47 |
| 4/1/2014 | $6.45 |
| 4/2/2014 | $6.45 |
| 4/3/2014 | $6.45 |
| 4/4/2014 | $6.45 |
| 4/7/2014 | $6.45 |
| 4/8/2014 | $6.47 |
| 4/9/2014 | $6.49 |
| 4/10/2014 | $6.51 |
| 4/11/2014 | $6.53 |
| 4/14/2014 | $6.56 |
| 4/15/2014 | $6.57 |
| 4/16/2014 | $6.59 |
| 4/17/2014 | $6.61 |
| 4/21/2014 | $6.62 |
| 4/22/2014 | $6.64 |
| 4/23/2014 | $6.66 |
| 4/24/2014 | $6.68 |
| 4/25/2014 | $6.70 |
| 4/28/2014 | $6.72 |
| 4/29/2014 | $6.74 |
| 4/30/2014 | $6.75 |
| 5/1/2014 | $6.77 |

| Table 2 PSLRA Loss Limitation for 90-day Look Back Period | |
|---|---|
| **Sale/Disposition Date** | **Rolling Average Price during 90-day Look Back Period as of the Date of Sale/Disposition** |
| 5/2/2014 | $6.79 |
| 5/5/2014 | $6.80 |
| 5/6/2014 | $6.81 |
| 5/7/2014 | $6.82 |
| 5/8/2014 | $6.83 |
| 5/9/2014 | $6.84 |
| 5/12/2014 | $6.85 |
| 5/13/2014 | $6.86 |
| 5/14/2014 | $6.87 |
| 5/15/2014 | $6.88 |
| 5/16/2014 | $6.88 |
| 5/19/2014 | $6.89 |
| 5/20/2014 | $6.89 |
| 5/21/2014 | $6.90 |
| 5/22/2014 | $6.90 |
| 5/23/2014 | $6.91 |

In the event a Class Member has more than one purchase or sale of Avid common stock during the Class Period, all purchases, acquisitions and sales within the Class Period shall be matched on a First-In, First-Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

A purchase or sale of Avid common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise or operation of law of Avid common stock during the Class Period shall not be deemed a purchase or sale of Avid common stock for the calculation of a claimant's Recognized Loss nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such shares unless

specifically provided in the instrument of gift or assignment.  The receipt of Avid common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Avid common stock.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.  Covering purchases during the Class Period for shares originally sold short will be excluded from the calculation of an Authorized Claimant's Recognized Claim.  In the event that there is a short position in Avid common stock, the date of covering a "short sale" is deemed to be the date of purchase of the stock.  The date of a "short sale" is deemed to be the date of sale of the stock.  The earliest Class Period purchases shall be matched against such short position, and not be entitled to a recovery, until that short position is fully covered.

With respect to Avid common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price of the stock is the exercise price of the option.  Any Recognized Loss arising from purchases of Avid common stock acquired during the Class Period through the exercise of an option on Avid common stock[3] shall be computed as provided for other purchases of Avid common stock in the Plan of Allocation.

The total of all profits shall be subtracted from the total of all losses from transactions during the Class Period to determine if a Class Member has a Recognized Claim.  Only if a Class Member had a net market loss, after all profits from transactions in Avid common stock during the Class Period are subtracted from all losses, will such Class Member be eligible to receive a distribution from the Net Settlement Fund.  Shares held as of the beginning of the Class Period and shares purchased during the look-back period from the end of the Class Period through May 23, 2014, will be excluded for purposes of calculating a market gain or loss.  For shares purchased during the Class Period and held until the open of trading on February 24, 2014, a holding value of $6.91 per share (*i.e.*, the average closing price for Avid common stock during the 90 days following the Class Period) shall be applied for the purpose of calculating a market gain or loss.

If an Authorized Claimant has an overall market gain, the Recognized Claim for that Authorized Claimant will be zero.  If an Authorized Claimant has an overall market loss, that Authorized Claimant's Recognized Claim will be limited to the amount of total market loss.  The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.  No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds.  The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Litigation will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

---

[3]     Including (1) purchases of Avid common stock as the result of the exercise of a call option, and (2) purchases of Avid common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

- 19 -

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Lead Plaintiff and Plaintiffs' Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be distributed to a non-sectarian, not-for-profit organization identified by Lead Counsel.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Avid common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such securities during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

994221_4

*Avid Securities Litigation*
c/o The Garden City Group, Inc.
Claims Administrator
1985 Marcus Avenue
Lake Success, NY 11402
_____
1-_____
www._____.com.


Dated: _____          BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      DISTRICT OF MASSACHUSETTS

- 21 -