# EXHIBIT A-2

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL COURTNEY, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>   vs.<br><br>AVID TECHNOLOGY, INC., GARY G. GREENFIELD, KENNETH A. SEXTON and ERNST & YOUNG, LLP,<br><br>                      Defendants. | No. 1:13-cv-10686-WGY<br><br><u>CLASS ACTION</u> |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

994219_3

**I.     GENERAL INSTRUCTIONS**

1. To recover as a member of the Settlement Class based on your claims in the action entitled *Courtney v. Avid Technology, Inc., et al.*, No. 1:13-cv-10686-WGY (the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation.

2. Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3. YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2015, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

> *Avid Securities Litigation*
> Claims Administrator
> c/o The Garden City Group, Inc.
> 1985 Marcus Avenue
> Lake Success, NY 11402
> www._____.com

If you are NOT a member of the Settlement Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4. If you are a member of the Settlement Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered

in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

**II.     CLAIMANT IDENTIFICATION**

If you purchased or otherwise acquired Avid Technology, Inc. ("Avid" or the "Company") common stock between October 23, 2008 and February 24, 2014, inclusive ("Class Period"), and held the shares in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or acquired Avid common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the common stock which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE AVID COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Settlement Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of

your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-8XX-XXX-XXXX to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Avid Common Stock" to supply all required details of your transaction(s) in Avid common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Avid common stock between October 23, 2008, and May 23, 2014, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the Avid common stock you held at the close of trading on October 22, 2008, February 24, 2014, and May 23, 2014. Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Avid common stock, and the date of a "short sale" is deemed to be the date of sale of Avid common stock.

For each transaction, you must provide, together with this claim form, copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in Avid common stock. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

*Courtney v. Avid Technology, Inc., et al.*

No. 1:13-cv-10686-WGY

PROOF OF CLAIM AND RELEASE

Must Be Postmarked or Received No Later Than:

_____, 2015

<u>Please Type or Print</u>

PART I:    CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____    _____
City                                          State or Province

_____    _____
Zip Code or Postal Code                       Country

                                              _____    Individual
_____    _____    Corporation/Other
Social Security Number or
Taxpayer Identification Number

_____    _____
Area Code         Telephone Number (work)

_____    _____
Area Code         Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

- 5 -

994219_3

PART II:    SCHEDULE OF TRANSACTIONS IN AVID COMMON STOCK

    A.    Number of shares of Avid common stock held at the close of trading on October 22, 2008: _____.

    B.    Purchases or acquisitions of Avid common stock between October 23, 2008 and May 23, 2014, inclusive:

| Trade Date<br>Mo. Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
| --- | --- | --- |
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

    C.    Sales of Avid common stock between October 23, 2008 and May 23, 2014, inclusive:

| Trade Date<br>Mo. Day Year | Number of Shares Sold | Total Sales Price |
| --- | --- | --- |
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

    D.    Number of shares of Avid common stock held at the close of trading on February 24, 2014: _____.

    E.    Number of shares of Avid common stock held at the close of trading on May 23, 2014: _____.

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE DESCRIBED IN PART V BELOW**.

**IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Massachusetts with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim in connection with the purchase or acquisition of Avid common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V.     RELEASE**

1.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, remise, release and discharge each and all of the Released Parties from the Released Claims as provided in the Stipulation of Settlement.

2.     "Released Parties" means, whether or not each or all of the following persons or entities were named in the Action or any related suit, (i) any and all Defendants; (ii) Ernst & Young Global Limited, each of the member firms of Ernst & Young Global Limited (together with EY and Ernst & Young Global Limited, the "EY Entities"); (iii) any person or entity which is, was, or will be related to or affiliated with any or all of the Defendants or in which any or all of the Defendants has, had, or will have a controlling interest; and (iv) the respective past or present direct or indirect family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, general partners, limited partners, partnerships, joint ventures, affiliated investment funds, affiliated investment vehicles, affiliated

investment managers, affiliated investment management companies, member firms, corporations, parents, subsidiaries, divisions, affiliates, associated entities, principals, officers, directors, managing directors, members, managers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, bankers, underwriters, brokers, dealers, lenders, attorneys, insurers, co-insurers, re-insurers, and associates of each and all of the foregoing.

3.  "Released Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, judgments, decrees, matters, as well as issues and controversies of any kind, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or unapparent, foreseen or unforeseen, suspected or unsuspected, fixed or contingent, including Unknown Claims (defined below), that Lead Plaintiff or any and all members of the Settlement Class ever had, now have, or may have, or otherwise could, can, or might assert, whether direct, individual, class, representative, derivative, legal, equitable, or of any other type, against any of the Released Parties, whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule (including, but not limited to, any claims under federal securities laws or state law), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims, or any other matters, that were (including in the complaint filed March 25, 2013; the Complaint filed September 16, 2013; and the proposed second amended complaint dated November 21, 2014), could have been, or in the future can or might be alleged, asserted, set forth, or claimed in connection with the Litigation or the subject matter of the Litigation in any court, tribunal, forum, or proceeding, including, but not limited to, and without limitation, any and all claims that are based upon, arise out

of, relate in any way to, or involve, directly or indirectly, both to the purchase, sale, and/or holding of Avid common stock purchased or acquired during the Class Period by Lead Plaintiff or any member of the Settlement Class and (i) the Avid Defendants' accounting policies and practices during the Class Period; (ii) the Avid Defendants' statements or omissions and SEC filings during the Class Period which arise out of, relate in any way to the allegations or subject matter of the Litigation; (iii) Avid's stated intent to restate (and the actual restatement of) certain of its prior financial statements; (iv) Avid's restructuring initiatives during the Class Period; (v) actions taken or statements/omissions made by Mr. Greenfield and/or Mr. Sexton that arise out of or relate in any way to any of the foregoing or any of the allegations or subject matter of the Litigation; (vi) the auditing and other professional work of EY and any of the EY Entities for Avid during the Class Period; or (vii) EY's audit and internal controls reports issued on or about March 16, 2009, March 16, 2010, March 14, 2011, and February 29, 2012; provided however, that the Released Claims shall not include (i) the right to enforce the Memorandum of Understanding, dated December 12, 2014, or the Stipulation; or (ii) the right to enforce any confidentiality agreement to which the Settling Parties have entered or may enter into in connection with the Litigation.

    4.    "Unknown Claims" means any claim that Lead Plaintiff or any Settlement Class Member does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims as against the Released Parties, including, without limitation, those claims which, if known, might have affected the decision to enter into the Memorandum of Understanding, dated December 12, 2014, or the Stipulation. With respect to any of the Released Claims, the Settling Parties stipulate and agree that upon final approval of the Settlement, Lead Plaintiff shall expressly and each Settlement Class Member shall be deemed to have waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under California Civil Code §1542 or any law

of the United States or any state of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff acknowledges, and the Settlement Class Members by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Lead Plaintiff, and by operation of law the Settlement Class Members, to completely, fully, finally, and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or previously existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  Lead Plaintiff acknowledges, and the Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a material element of the Settlement and was relied upon by each and all of the Defendants in entering into this Settlement.

5. This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Settlement becomes effective on the Effective Date.

6. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

7. I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Avid common stock between October 23, 2008 and

May 23, 2014, inclusive, and the number of shares of Avid common stock held by me (us) at the close of trading on October 22, 2008, February 24, 2014, and May 23, 2014.

8. I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____
(Month/Year)

in _____
    (City)                                    (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your claim form for your records.

- 11 -

994219_3

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send us your new address.

994219_3