# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL COURTNEY, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>  vs.<br><br>AVID TECHNOLOGY, INC., GARY G. GREENFIELD, KENNETH A. SEXTON and ERNST & YOUNG, LLP,<br><br>                      Defendants. | No. 1:13-cv-10686-WGY<br><br>CLASS ACTION |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

EXHIBIT B

994222_3

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, 2015, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated December 31, 2014 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies for purposes of settlement only, a Settlement Class defined as all Persons and entities who purchased or otherwise acquired the common stock of Avid Technology, Inc. ("Avid") within the period of and including October 23, 2008, through and including February 24, 2014 (the "Class Period").  Excluded from the Settlement Class are:

(a) Persons or entities who submitted valid and timely requests for exclusion from the Settlement Class (identified in Exhibit A hereto ) and who did not subsequently retract such request for exclusion; and

(b) Defendants; the officers and directors of Avid during the Class Period; the partners and officers of EY during the Class Period; members of the immediate families of each

Defendant; any person or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant; and the legal representatives, agents, heirs, successors or assigns of any such excluded party.

4. For purposes of settlement only, the Court finds that the prerequisites for a class under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and his counsel have fairly and adequately represented and protected the interests of Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses with prejudice the Litigation and all claims contained therein and all of the Released Claims as against the Released Parties, except as and to the extent provided in the Stipulation and herein.

8. Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiff, each and all of the Settlement Class Members, other than those listed on Exhibit A hereto, and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, remised, released, relinquished, and discharged all Released Claims (including, without limitation, Unknown Claims) against the Released Parties (regardless of whether such Settlement Class Member executes and delivers the Proof of Claim and Release).

9. Upon the Effective Date hereof, and as provided in the Stipulation, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, other than those listed on Exhibit A hereto, and Plaintiffs' Counsel from all Settled Defendants' Released Claims (including, without limitation, Unknown Claims), except for claims relating to the enforcement of the Settlement or any confidentiality agreement to which the Settling Parties have entered or may enter into in connection with the Litigation.

10. Upon the Effective Date hereof, Lead Plaintiff, each and all of the Settlement Class Members, other than those listed on Exhibit A hereto, and anyone claiming through or on

behalf of any of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to be, and by operation of this Judgment shall be, permanently barred and enjoined from asserting, instituting, maintaining, prosecuting, or enforcing, in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind (whether within the United States of not), any and all Released Claims (including, without limitation, Unknown Claims against any of the Released Parties (regardless of whether such Settlement Class Member executes and delivers the Proof of Claim and Release forms), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims against the Released Parties, Lead Plaintiff and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement, or any confidentiality agreement to which the Settling Parties have entered or may enter into in connection with the Litigation.

11. The Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing given to the Settlement Class in accordance with the Notice Order entered on _____, 2015 was the best notice practicable under the circumstances, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and the requirement of Section 21D(a)(7) of the Securities Exchange Act of 1934,

15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and all other applicable law and rules.

12. Separate orders shall be entered regarding the proposed Plan of Allocation and any Fee and Expense Application filed by Lead Counsel. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or of the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released Parties are or become parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties, Lead Plaintiff, Settlement Class Members, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the

Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Judgment.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining any Fee and Expense Applications in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____  _____
THE HONORABLE WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE